IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| CYPALEO LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| GRANDSTREAM NETWORKS, INC., | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Cypaleo LLC ("Plaintiff" or "Cypaleo") files this Complaint against Grandstream Networks, Inc. ("Defendant" or "Grandstream") for infringement of United States Patent No. 5,638,427 (hereinafter "the '427 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 3415 Custer Rd., Suite 120-D, Plano, Texas 75023.

4. On information and belief, Defendant is a Delaware corporation with a principal place of business at 2301 West Plano Parkway, Suite 208, Plano, Texas 75075. On information and belief, Defendant's registered agent for service of process is The Corporation

Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, and upon information and belief, Defendant has committed acts of infringement in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,638,427)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '427 Patent with sole rights to enforce the '427 Patent and sue infringers.

11. A copy of the '427 Patent, titled "Operator-controlled Interactive Communication Device," is attached hereto as Exhibit A.

12. At the time relevant to the allegations herein, the '427 Patent was valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. On information and belief, Defendant infringed one or more claims, including at least claim 1, of the '427 Patent by making, using, importing, selling, and/or offering for sale interactive communication devices covered by at least Claim 1 of the '427 Patent. Defendant infringed the '427 Patent in violation of 35 U.S.C. § 271.

14. On information and belief, during the period that the '427 Patent was in force, Defendant sold, offered to sell, and/or used interactive communication devices, including, without limitation, the Grandstream GXV3275 telephone ("the Product"), and any similar devices, which infringed at least Claim 1 of the '427 Patent. The Product is an interactive device that may be used to transmit and receive data.

15. The Product has a display that can display messages that are either generated within the Product or received by the Product from an external source (e.g., the Product allows a user to view SMS messages composed on the Product and/or received from other users).

16. The Product has an input device (e.g., USB input) by which a user can input data to the Product.

17. The Product has a communication transmission interface (e.g., wired and wireless communication interfaces) that can connect the Product to a transmission medium.

18. On information and belief, the Product has a connector that can connect a telephone handset for external communication over the transmission medium.

19. The Product has a computer connector (e.g., Ethernet port) that can connect a computer to the Product for external communication over the communication transmission interface. The connection also allows for reprogramming memory of the Product.

20. The Product has a remote interactive communication connector (e.g., Bluetooth module) that can connect a communication system within a machine being monitored (e.g., a

variety of Bluetooth devices).

21. On information and belief, the input device and the remote interactive communication connector provide the Product with the flexibility to be used with a machine having a remote interactive communication system (e.g., a Bluetooth headset or a smartphone) and a machine without a remote interactive communication system (e.g., USB storage devices).

22. On information and believe 35 U.S.C. § 287 was complied with at all relevant times.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(c) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 26, 2016          Respectfully submitted,

         /s/ *Jay Johnson*
         **JAY JOHNSON**
         State Bar No. 24067322
         **D. BRADLEY KIZZIA**
         State Bar No. 11547550
         **KIZZA JOHNSON PLLC**
         1910 Pacific Ave., Suite 13000
         Dallas, Texas 75201
         (214) 451-0164
         Fax: (214) 451-0165
         jay@kjpllc.com
         bkizzia@kjpllc.com

         **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A